UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DONNA SCHWOERER, an individual,

    Plaintiff,

vs.

CREDIT CONTROL, LLC,
a Missouri limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Donna Schwoerer, an individual, sues Defendant, Credit Control, LLC, a Missouri limited liability company, and alleges:

### *INTRODUCTION*

1.     This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.55, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

2.     Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337.

### *ALLEGATIONS AS TO PARTIES*

3.     Plaintiff, Donna Schwoerer ("Ms. Schwoerer") is *sui juris* and a resident of Broward County, Florida.

4.     Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability

company doing business in Broward County, Florida.

5. At all times material hereto, Credit Control is and was engaged in the collection of consumer debts using mail and telephone communications to debtors.

6. All acts and omissions of any employee, agent or representative of Credit Control were within the scope of the employment and authority of the employee, agent or representative and were committed with actual, constructive or implied knowledge and consent of Credit Control or were subsequently ratified by Credit Control.

7. Credit Control is properly subject to jurisdiction in the State of Florida pursuant to the Florida Long Arm Jurisdiction Statute as a result of the performance of acts causing injury to persons within the State of Florida.

## FACTUAL ALLEGATIONS

### A. Financial Difficulties of Ms. Schwoerer

8. Several years prior to the filing of the instant action, Ms. Schwoerer obtained an open-ended credit account, known more commonly as a "charge account" ("Charge Account") for her personal and household purposes through G.E. Money Bank ("GE Money Bank").

9. Prior to the filing of the instant action, Ms. Schwoerer became permanently disabled and was unable to continue working. As a result, many of Ms. Schwoerer's bills became delinquent despite her best efforts to make payments on same.

### B. Sale of Consumer Debt

10. At some unknown time prior to the filing of the instant action, GE Money Bank or its successor in interest purportedly sold the Charge Account to Hilco Receivables LLC under unknown terms and for unknown consideration.

11. Upon information and belief, Hilco Receivables LLC purchased the Charge Account from GE Money Bank or the successor in interest of GE Money Bank as part of a business plan to dispose of uncollectible consumer accounts of GE Money Bank or its successor in interest in a business practice known more commonly in the media as "debt scavenging," "zombie debt collection," or "junk debt collection." See, generally, *"Zombie Debt: The Bills That Won't Die,"* ABC Nightly News, February 28, 2008; *"Zombie Debt Comes Back to Haunt Consumers,"* Sun-Sentinel, June 25, 2006. In the typical business model employed by businesses such as Hilco Receivables LLC, the debt collection agency will buy charged-off accounts from original lenders for pennies on the dollar.

### C. *Unlawful Collection Activities of Defendant*

12. On or about December 11, 2009, an unknown person from Credit Control called the cell phone of Ms. Schwoerer and hung up without leaving a message. The caller-ID of the cell phone showed that the caller had called from 800-287-3130.

13. At approximately 5:20 p.m. on December 11, 2009, Ms. Schwoerer returned the telephone call to the displayed number.

14. Upon connecting the call, an employee of Credit Control using the trade-name or alias of "Ryan Clark" answered the telephone and stated: "Oh Donna, I've been trying to reach you. I'm from Credit Control and I would like to discuss your Brandsmart account."

15. "Mr. Clark" proceeded to state: "You owe $1,400, but we are willing to settle for $900 with payments of $100 per month."

16. In response to the demand for payment by "Mr. Clark," Ms. Schwoerer informed "Mr. Clark" that Ms. Schwoerer was disabled and on a fixed income.

17. In response to the disclosure of Ms. Schwoerer of her limited financial circumstances, "Mr. Clark" falsely stated: "**I will contact your previous employer, Gutkin, Miller and Shapiro, to find out the last time that you worked there.**"

18. "Mr. Clark" did not have the intention or the legal right to call the former employer of Ms. Schwoerer.

19. In response to the threat to contact her former employer, Ms. Schwoerer informed "Mr. Clark" that she had been attempting to pay GE Money Bank for several months.

20. "Mr. Clark" proceeded to ask questions of Ms. Schwoerer concerning her assets. In particular, "Mr. Clark" asked if Ms. Schwoerer had ever owned a vehicle.

21. After Ms. Schwoerer informed "Mr. Clark" that she did not own a vehicle, "Mr. Clark" stated "I will find some assets," despite the fact that Credit Control did not have the intention or the ability to seize assets in the absence of a judgment or court order.

22. The statement that Credit Control would "find some assets" was an implicit threat to Ms. Schwoerer as the least sophisticated consumer that Credit Control would seize assets Credit Control did not have the intention or legal ability to take such action.

### COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

23. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

24. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 22 above as if set forth hereat in full.

25. At all times material hereto, Ms. Schwoerer was a "consumer" as said term is

defined under 15 U.S.C. §1692a(3).

26. At all times material hereto, GE Money Bank was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

27. At all times material hereto, the Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

28. At all times material hereto, Credit Control was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

29. As more particularly described above, Credit Control has violated the FDCPA in that Credit Control has:

    (a) threatened to communicate with third parties in connection with the collection of a debt in contravention of U.S.C. §1692c(b);

    (b) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

    (c) placed telephone calls without the meaningful disclosure of the caller's identity in contravention of 15 U.S.C. §1692d(6);

    (d) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

    (e) made a false representation of the character or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

    (f) represented or implied that non-payment of any debt will result in the seizure, garnishment, attachment or sale of the assets of Ms. Schwoerer unless such action was

lawful and the debt collector creditor intended to take such action in contravention of 15 U.S.C. §1692e(4);

(g) made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

(h) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10);

(i) failed to disclose in the initial oral communication with Ms. Schwoerer that Credit Control was attempting to collect a debt and that any information will be used for that purpose in contravention of 15 U.S.C. §1692e(11);

(j) used unfair or unconscionable means to collect or attempt to collect a debt in contravention of U.S.C. §1692f; and

(k) threatened to take any non-judicial action to effect disposition of Ms. Schwoerer of her property when there was no present intention to take possession of the property of Ms. Schwoerer in contravention of 15 U.S.C.§1692f(6);

30. As a direct and proximate result of the violation of the FDCPA by Credit Control, Ms. Schwoerer has been damaged. The damages of Ms. Schwoerer include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

31. Pursuant to 15 U.S.C. §1692k, Ms. Schwoerer is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

32. Ms. Schwoerer has retained the undersigned law office to represent her interest

herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Donna Schwoerer, an individual, demands judgment against Defendant, Credit Control, LLC, a Missouri limited liability company, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

33. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

34. Ms. Schwoerer realleges and reaffirms the allegations contained in Paragraphs 1 through 22 above as if set forth hereat in full.

35. At all times material hereto, the Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

36. At all times material hereto, Ms. Schwoerer was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

37. At all times material hereto, GE Money Bank was a "creditor" as said term is defined under Florida Statutes §559.55(3).

38. At all times material hereto, Credit Control was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

39. As more particularly described above, Credit Control violated the FCCPA in that the Credit Control has:

    (a) threatened to communicate with the employer of Ms. Schwoerer in

contravention of Florida Statute §559.72(4);

 (b) willfully engaged in conduct which reasonably can be expected to abuse or harass Ms. Schwoerer in contravention of Florida Statutes §559.72(7); and

 (c) asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9); and

40. As a direct and proximate result of the violation of the FCCPA by Credit Control, Ms. Schwoerer has been damaged. The damages of Ms. Schwoerer include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

41. Ms. Schwoerer has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

42. Pursuant to Florida Statute §559.77, Ms. Schwoerer is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Donna Schwoerer, an individual, demands judgment for damages against Defendant, Credit Control, LLC, a Missouri limited liability company, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Donna Schwoerer, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
rphyu@aol.com